# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEREK WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-4192 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| AFSCME COUNCIL 31, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In his first amended complaint, pro se plaintiff Derek Webb brings race discrimination and retaliation claim against defendants AFSCME Council 31/AFSCME Local 654 ("Union"), and certain Union officials and employees. Before the Court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motion; dismisses Webb's Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 claims without prejudice; and dismisses Webb's Title VI claim, claims under the Illinois Constitution, and unfair representation claims with prejudice. The Court grants Webb leave to file a second amended complaint as to his Title VII, § 1981, and § 1983 claims in accordance with this ruling.

**Background**

The Court takes the following facts from the first amended complaint and construes them liberally in Webb's favor because he is proceeding pro se. *Greyer v. IDOC*, 933 F.3d 871, 878 (7th Cir. 2019). Webb, who is a civilian employee of the Chicago Police Department, alleges that in contradiction of the 2018 collective bargaining agreement ("CBA") that his Union entered into with the City of Chicago, the Union has engaged in racial discrimination and retaliation by refusing to process grievances that were filed from January 2018 to the present, respond to the status of grievances, enforce the terms of the CBA, and that the Union failed to provide fair representation.

Webb filed an EEOC Charge alleging race discrimination and retaliation under Title VII in March 2019. In his EEOC Charge, Webb stated that the Union failed to process his grievances involving overtime assignments. After he received his right to sue letter, Webb filed the present lawsuit alleging race discrimination and retaliation claims under Title VI, Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and claims under the Illinois Constitution. Webb also brings a First Amendment claim pursuant to § 1983.

On February 24, 2020, the Court presided over the parties' oral arguments on the Union's motion to dismiss. At that time, Webb gave additional details about his claims, including that the Union failed to provide fair representation because his grievances did not go to arbitration under the CBA's grievance procedures. Webb also presented numerous documents to the Court and opposing counsel in relation to certain grievances. As the Court explained to Webb, at this juncture, the Court must examine the allegations in his first amended complaint and not his explanation of the documents he brought to court. Further, the Court discussed the possibility of Webb having the opportunity to re-allege certain allegations to flesh out his claims with more details. When asked, Webb clarified that he was bringing this lawsuit on his own behalf.

**Legal Standard**

When considering dismissal of a complaint under Rule 12(b)(6), the Court accepts all well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Unfair Representation Claim*

Although Webb does not bring a separate count in his first amended complaint alleging that the Union breached its duty of fair representation, he mentions this breach in his allegations, and at oral argument, he explained that the Union breached its duty because it did not follow the CBA's grievance procedure as to his grievances. As an Illinois public employee, Webb's claims against the Union for a breach of the duty of fair representation are governed by the Illinois Public Labor Relations Act ("Act"), 5 ILCS 315/1 *et seq.*, and the Illinois Administrative Code, 80 Ill. Adm. Code § 1200, *et seq.* Under the Act, the Illinois Labor Relations Board ("Board") has exclusive jurisdiction to determine if a union has breached its duty of fair representation. *Knox v. CTA*, 105 N.E.3d 810, 817, 423 Ill.Dec. 402, 409, 2018 IL App 162265 (1st Dist. 2018); *see also Carver v. Nall*, 172 F.3d 513, 516 (7th Cir. 1999) (Board "has exclusive jurisdiction to hear unfair labor practice grievances of Illinois state employees.").

In his response to defendants' motion, Webb acknowledges that he has submitted breach of fair representation claims to the Board and that the Board has exclusive jurisdiction over these claims. Nonetheless, Webb asserts that the Court will have jurisdiction once he exhausts his administrative remedies. Webb's argument is unavailing because unfair representation claims under the Act are subject to a comprehensive and exclusive scheme of remedies and administrative procedures and judicial review of the Board's final administrative decisions are only heard by the Illinois Appellate Court on administrative review. *Knox*, 105 N.E.3d at 817-18; *see also Cook County v. ILRB*, 70 N.E.3d 795, 809, 410 Ill.Dec. 668, 2017 IL App 153015 (1st Dist. 2017) ("Judicial review of a decision of the Labor Relations Board is governed by the Administrative Review Law[,] 735 ILCS 5/3-101 *et seq.*"). As such, Webb's argument that his unfair representation claim can be

brought in federal court after he exhausts his claims is misplaced. The Court grants the Union's motion to dismiss in this respect.

*Title VII and § 1981 Claims*

Both Title VII and 42 U.S.C. § 1981 prohibit labor organizations from discriminating against their members on the basis of race. *See* 42 U.S.C. § 2000e-2(c)(1); 42 U.S.C. § 1981(b). Federal courts apply the same standard when assessing Title VII and § 1981 discrimination and retaliation claims, although under § 1981, a plaintiff may also sue individuals and not just his union or employer. *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017); *Smith v. Bray*, 681 F.3d 888, 907 n.2. (7th Cir. 2012), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). To establish a race discrimination against defendants, Webb must eventually show that the Union refused to process his grievances because of his race or his earlier complaints about race. *Green v. AFT/IFT Local 604*, 740 F.3d 1104, 1107 (7th Cir. 2014).

Construing his pro se allegations liberally, Webb has not alleged sufficient factual details that raise his race discrimination and retaliation claims above a speculative level. *Taha v. International Bhd. of Teamsters, Local 781*, 947 F.3d 464, 471 (7th Cir. 2020). Webb fails to give context to what grievances he made and how the Union reacted to them except that the Union "refused to respond to his inquiries." As to the individual defendants, Webb does not identify what roles they played in the grievance process or any details outside of his cursory statement that they refused to respond to his grievances. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court therefore grants defendants' motion to dismiss Webb's Title VII and § 1981 claims without prejudice and grants Webb leave to file a second amended complaint. In amending these allegations, Webb must set forth facts – not just conjecture – describing how defendants engaged in racial discrimination and retaliation.

4

*Title VI Claim*

Webb also brings his race discrimination and retaliation claims under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, which bars discrimination "under any program or activity receiving Federal financial assistance." Title VI, however, is not intended to reach discrimination in employment practices. *Johnson v. Transportation Agency, Santa Clara Cty., Cal.*, 480 U.S. 616, 628 n.6, 107 S.Ct. 1442, 94 L.Ed. 2d 615 (1987); *Ahern v. Board of Educ. of City of Chicago*, 133 F.3d 975, 977 (7th Cir. 1998); 42 U.S.C. § 2000d-3. Simply put, § 2000d-3, which controls Title VI claims against employers or unions "bars plaintiffs from pursuing employment discrimination claims against organizations that otherwise would be subject to liability under Title VII." *Outley v. City of Chicago*, 407 F.Supp.3d 752, 767 (N.D. Ill. 2019) (Feinerman, J.).

Webb's race and retaliation claims against his Union fall well within the rubric of Title VII, *see* 42 U.S.C. § 2000e-2(c)(1), and his claims against the individual defendants are appropriate pursuant to § 1981. Therefore, Title VI is not the proper statutory authority for these claims. The Court dismisses Webb's Title VI claim with prejudice.

*Claims Under § 1983*

Next, defendants move to dismiss Webb's claims based on 42 U.S.C. § 1983, including his First and Fourteenth Amendment claims, because defendants are private – not state – actors. Section 1983 provides a cause of action for constitutional deprivations that occur under the color of state law, which means that § 1983 does not allow lawsuits based on private conduct. *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019). Nonetheless, although unions are not state actors, if a private actor, such as the Union, conspires or acts jointly with a state actor to deprive an individual's constitutional rights, the private actor may be subject to § 1983 liability under Seventh Circuit precedent. *Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019).

Viewing the allegations in his pro se first amended complaint liberally, Webb has not set

5

forth any allegations that the Union or the individual defendants acted jointly or conspired with a state actor to deprive him of his rights under the United States Constitution. The Court thus dismisses Webb's § 1983 claims without prejudice. If Webb wishes to amend his § 1983 allegations, he must keep in mind his Rule 11(b) obligations, namely, that to the best of his knowledge, his factual contentions have evidentiary support.

*Due Process and Equal Protection Claims*

Last, Webb brings claims under Article I, Section 2 of the Illinois Constitution based on due process and equal protection deprivations. The Illinois Constitution does not protect its citizens from actions by private entities or individuals, such as defendants. *Hill v. PS Ill. Trust*, 856 N.E.2d 560, 564, 305 Ill.Dec. 755, 368 Ill.App.3d 310 (1st Dist. 2006); *Methodist Med. Ctr. of Illinois v. Taylor*, 489 N.E.2d 351, 354, 95 Ill.Dec. 130, 140 Ill.App.3d 713 (3d. Dist. 1986). The Court dismisses this last claim with prejudice.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion to dismiss in part without prejudice and in part with prejudice [36]. The Court grants plaintiff leave to file a second amended complaint in accordance with this ruling by no later than April 7, 2020.

**IT IS SO ORDERED.**

Date: 2/26/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge