# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEREK WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-4192 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| AFSCME COUNCIL 31, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In his second amended complaint, pro se plaintiff Derek Webb brings race discrimination and retaliation claims against defendants American Federation of State, County, and Municipal Employees ("AFSCME") Council 31 and AFSCME Local 654 ("Union defendants"), along with Union officials and employees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Before the Court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motion.

**Background**

On February 26, 2020, the Court granted defendants' first Rule 12(b)(6) motion to dismiss, but granted Webb leave to file a second amended complaint. The Court presumes familiarity with the February 2020 ruling, including that the Court dismissed with prejudice Webb's Title VI, Illinois Constitution, and unfair representation claims.[1]

The Court takes the following facts from the second amended complaint and relevant attachments and construes them liberally in Webb's favor because he is proceeding pro se. *Greyer v. IDOC*, 933 F.3d 871, 878 (7th Cir. 2019). Webb, who is African American, is a civilian employee of

---

[1] Because the Court did not grant pro se plaintiff leave to reallege his unfair representation claim, his present unfair representation claim is dismissed for the same reasons detailed in the February 26, 2020 ruling.

the Chicago Police Department ("CPD"), where he has worked as a warrant and extradition aide ("WEA"). Defendant AFSCME Council 31, the Illinois state chapter of the AFSCME, has had successive collective bargaining agreements ("CBA") with the City of Chicago covering Webb's position and other similar positions. Webb works in the CPD's field services section, which was comprised of both civilians represented by the Union defendants and police officers.

By way of background, in 2004, AFSCME Council 31 filed a grievance alleging that the CPD had violated the relevant CBA by removing warrant and extradition aides from the warrant desk and replacing them with police officers. The grievance was settled in 2006 with the City agreeing to increase civilian staffing and training. In his second amended complaint, Webb refers to this as the EWA settlement. Likewise, in 2014, AFSCME Council 31 won an arbitration award based on the City's violation of the CBA in relation to the 2012 NATO summit. In particular, the City failed to offer overtime hours to civilian employees during the summit. Meanwhile, Webb was the president of AFSCME Local 654, the local (Chicago) chapter of the AFSCME, during part of the relevant time period.

In his second amended complaint, Webb alleges that he filed multiple grievances starting in April 2016 through February 2019 concerning the denial of overtime hours. Webb further alleges that the Union defendants discriminated and retaliated against him by refusing to forward these overtime grievances to arbitration. In March 2019, Webb filed an EEOC Charge alleging race discrimination and retaliation under Title VII. In his EEOC Charge, Webb stated that he has been a member of AFSCME Council 31 since 1993 and that AFSCME Council 31 failed to process his grievances involving the assignment of overtime based on his race and retaliated against him based on a protected activity. According to the EEOC Charge, the last date that discrimination took place was on February 19, 2019. Also, Webb's EEOC Charge did not name AFSCME Local 654 as a

respondent. After Webb received his right to sue letter on March 21, 2019, he filed the present lawsuit on June 21, 2019.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When ruling on a motion to dismiss, courts "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

**Discussion**

Title VII prohibits labor organizations from discriminating against their members on the basis of race. *See* 42 U.S.C. § 2000e-2(c)(1). As the Court explained in its February 26, 2020 ruling, to establish a race discrimination against the Union defendants, Webb must show that the Union defendants refused to process his grievances due to his race or his earlier complaints about race. *Green v. AFT/IFT Local 604*, 740 F.3d 1104, 1107 (7th Cir. 2014).

Webb was directed to give more factual context to his race discrimination allegations to survive a motion to dismiss. In this amended complaint, he has failed to allege sufficient factual details that raise his race discrimination and retaliation claims above a speculative level. *Taha v.*

*International Bhd. of Teamsters, Local 781*, 947 F.3d 464, 471 (7th Cir. 2020). Instead, he has provided details about his grievances with no mention or inference of race discrimination. Webb, for example, alleges that the Union defendants wrongfully failed to forward eight matters to arbitration, as follows:

- On or about April 12, 2016, Webb was denied the opportunity for overtime when others outside of the Local were allowed to assume these duties in violation of the collective bargaining agreement.

- On or about December 9, 2018, Webb was denied the opportunity for overtime when others outside of the Local were allowed to assume these duties in violation of the collective bargaining agreement.

- On or about December 9, 2018 on two other separate occasions, Webb filed a grievance over the violation of the collective bargaining agreement for other working conditions when others were allowed to do the work of CHA positions.

- On or about December 9, 2018, Webb filed a grievance over the violation of the collective bargaining agreement for other working conditions when others were allowed to do the work of WEA positions.

- On or about Feb 19, 2019, Webb filed a grievance over the violation of the collective bargaining agreement for a violation of the EWA Settlement for overtime for Webb for the day shift and others when he was denied the opportunity for overtime on Feb 18, 2019.

- On or about Feb 19, 2019, Webb filed a grievance over the violation of the collective bargaining agreement for a violation of the EWA Settlement for overtime for Webb and others when he was denied the opportunity for overtime on Feb 16, 2019.

- On or about Feb 19, 2019, Webb filed a grievance over the violation of the collective bargaining agreement for a violation of the EWA Settlement for overtime for Webb for the midnight shift and others when he was denied the opportunity for overtime on Feb 18, 2019 in violation of the collective bargaining agreement.

In fact, the only allegations related to race in Webb's second amended complaint are that the Union defendants represented three Caucasian union members in "similar situations" and that "AFSCME has knowingly and wrongfully ignored Webb's complaint of serious racial issues involving [the] City of Chicago and AFSCME." Based on these allegations, Webb has failed to plead particularized factual content that would allow the Court to plausibly infer the Union

defendants are liable race discrimination in relation to the filing of his grievances. *See Doe*, 933 F.3d at 854 (7th Cir. 2019). In short, Webb's conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678.

Webb's grievances, attached to his second amended complaint, shed no further light on the Union defendants' alleged discriminatory motive. Instead, they reveal other issues with Webb's race discrimination claims, including that the grievant on some of the forms was not Webb, but AFSCME Local 654. Other grievances do not relate to warrant and extradition aides, but other job titles, including criminal history analysts and timekeepers. In the "statement of grievance" section of the forms, many of the grievances assert that police officers did the work of the WEA positions, while there is no mention of race or race discrimination in any of the grievances. Viewing Webb's second amended complaint and all relevant attachments liberally, Webb has failed to adequately allege his race discrimination claim under the federal pleading standards.

Similarly, Webb makes little or no mention of his retaliation claim in his second amended complaint. Because Webb's grievances do not mention race, the only statutorily protected activity alleged in the second amended complaint is Webb's EEOC Charge filed on March 6, 2019. *Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1007 (7th Cir. 2018). Webb fails to set forth any allegations of how the Union defendants retaliated against him after he filed his EEOC Charge. As such, construing the facts and all reasonable inferences in his favor, Webb has failed to sufficiently state his retaliation claim under *Iqbal* and *Twombly*.

Because Title VII makes unions – not their employees or members – liable, Webb's Title VII claims against the individual defendants necessarily fail because there is no individual liability under Title VII. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017); *Maalik v. Int'l Union of Elevator Constr., Local 2*, 437 F.3d 650, 653 (7th Cir. 2006). The Court therefore dismisses the individual defendants on this basis as well.

On a final note, Webb's claim under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* fails because the Illinois Public Relations Act, 5 ILCS 315/8, provides that the Illinois Uniform Arbitration Act applies to Illinois public-sector CBAs, not the FAA. If Webb is invoking the FAA to enforce the 2014 NATO arbitration decision attached to his second amended complaint, his claim fails because he was not a party to that arbitration and that arbitration was not governed by the FAA.

**Conclusion**

For the foregoing reasons, the Court grants defendants' Rule 12(b)(6) motion to dismiss [51]. Because the Court has given plaintiff an opportunity to amend his complaint after granting defendants' first Rule 12(b)(6) motion to dismiss, the Court grants the present motion with prejudice. Civil case terminated.

**IT IS SO ORDERED.**

Date: 9/16/2020

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge